

IN THE LICKING COUNTY COURT OF COMMON PLEAS
CIVIL DIVISION

| | |
|---|---|
| CHRISTOPHER CRANE<br>554 Sherwood Downs Road S<br>Newark, OH 43055-3236<br><br>Plaintiff,<br>v.<br><br>DEBT ADVISORS OF AMERICA<br>6863 Friars Road<br>San Diego, CA 92108<br><br>and,<br><br>MATTHEW CLEGG<br>c/o DEBT ADVISORS OF AMERICA, LLC<br>6863 Friars Road<br>San Diego, CA 92108<br><br>and,<br><br>RICHARD SENITTE<br>c/o DEBT ADVISORS OF AMERICA, LLC<br>6863 Friars Road<br>San Diego, CA 92108<br><br>and,<br><br>LITIGATION PRACTICE GROUP<br>1351 Calle Avanzado, Suite 4<br>San Clemente, CA 92673<br><br>and,<br><br>LITIGATION PRACTICE GROUP<br>100 Spectrum Center Drive, Suite 900<br>Irvine, CA 92618<br><br>and, | CASE NO.: 20CV0448<br><br>JUDGE:<br><br><br><br><br><br><br><br><br><br><u>COMPLAINT AND REQUEST<br>FOR DECLARATORY AND<br>INJUNCTIVE RELIEF</u><br><br><br><br><br><br><br><br>**Jury Demand Endorsed Herein** |



EXHIBIT B

John Does 1-3                          :
Name Unknown                    :
Address Unknown              :
                                                 :
                   Defendants.       :

---

## Introduction

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C, Section 1681b(f) regulates the access and use of consumer reports in order to protect consumer privacy. This case involves the illegal use of and access to the private financial data in the consumer reports of likely thousands of financially distressed consumers. The information was accessed for the illegal purpose of marketing debt settlement and/or consolidation services. Defendant obtained lists of consumer data, lists referred to as "pre-screened lists," including Plaintiff's. Defendants used the lists to market debt settlement services.

The pre-screened lists at issue are compiled by a consumer reporting agency using filters including a base level of unsecured debt balances, a minimum level of unsecured trade lines, and various other filters bearing on a consumer's credit worthiness. The pre-screened lists constitute consumer reports that may only be accessed and used for a permissible purpose. *See*, 15 U.S.C. Section 1681b(f); *See, Trans Union v FTC*, 245 F.3d 809 (U.S. App. D.C. 2001).

Accordingly, Plaintiff Christopher Crane ("Crane") brings this action to obtain monetary damages, injunctive relief, attorneys' fees, his costs in this action and any other relief to which he may be entitled to compensate him for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C, §§1681, et seq., ("FCRA") and the Ohio Consumer Sales Practices Act, Ohio Revised Code §§1345.01 to 1345.99 ("OCSPA") which were violated as part of a venture to advertise, promote and operate a business of soliciting clients for debt settlement and credit repair.

## Jurisdiction and Venue

1. The Court has jurisdiction over the parties and the subject matter of this action.

2. The Court has jurisdiction over this matter pursuant to Oh. Rev. Code §§1345.04, 1345.09(A), 1345.09(B), 1345.09(D), 2305.01, 2305.06, 4710.02, 4710.04, 4712.01 and the common law of the State of Ohio.

3. Venue is proper in this court pursuant to Civ. R. 3(B)(3), because some of the transactions, including, but not limited to, the deceptive marketing complained of, and out of which this action arose, occurred in Licking County, Ohio.

## Parties

4. Crane has at all times relevant to this action been a resident of Reynoldsburg, Ohio.

5. Defendant Debt Advisors of America (hereinafter "Debt Advisors") is a marketing company located at 6863 Friars Road, San Diego, CA 92108, and has solicited debt adjustment/debt settlement services to Ohio consumers.

6. Defendant Matthew Clegg ("Clegg") is a natural person operating within United States from an address at 6863 Friars Road, San Diego, CA 92108.

7. Defendant Richard Senitte ("Senitte") is a natural person operating within United States from an address at 6863 Friars Road, San Diego, CA 92108.

8. Upon information and belief, Clegg, is the Managing Partner of Debt Advisors. At all times material to this Complaint, acting alone or in concert with others, Clegg had formulated, directed, controlled, or participated in the acts and practices of Debt Advisors.

9. Upon information and belief, Senitte, is a Member of Debt Advisors. At all times material to this Complaint, acting alone or in concert with others, Senitte had formulated, directed, controlled, or participated in the acts and practices of Debt Advisors.

10. Defendants Litigation Practice Group ("LPG") is marketing company located at 1351 Calle Avanzado, Suite 4, San Clemente, CA 92673, and 100 Spectrum Center Drive, Suite 900, Irvine, CA, and has solicited debt adjustment/debt settlement services to Ohio consumers.

11. For the purposes of this Complaint, unless otherwise indicated, "Defendant" or "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named in this caption.

12. Defendants, acting in concert with other companies, unlawfully obtained Crane's consumer report and used it illegally to obtain information for the purpose of sending deceptive solicitations to Crane for debt adjustment/debt settlement and credit repair services.

## Statement of Facts

13. All named Defendants engaged in a scheme to obtain and use protected consumer reporting data to market debt settlement and credit repair services via a mailer directed to Crane in the State of Ohio.

14. To that end, Defendants compiled or directed an agent to compile a "pre-screened list" containing the names and addresses of consumers in financial distress.

15. Defendants obtained and used at least one such pre-screened list containing the names and addresses of consumers who met certain criteria such as minimum debt balances or high interest rates, etc.; Crane was on at least one of these lists.

16. These lists are compiled by a consumer reporting agency using the filters supplied

to the consumer reporting agency by Defendants' marketing agent.

17. The lists constitute consumer reports under the FCRA.

18. Defendants then arranged for the preparation and mass mailing of marketing letters to the consumers on the pre-screened lists obtained from the consumer reporting agency.

19. As an integral part of Defendants' marketing, Crane received one of the mailed solicitations, which is attached as Exhibit A and incorporated herein.

20. All Defendants engaged in the scheme/conspiracy as alleged in this Complaint in order to target Ohio consumers. Defendants likely targeted thousands of Ohio consumers, including Crane. All Defendants knew with certainty that the deceptive mailer and illegal scheme targeted at Crane in the State of Ohio would injure him and that the injury would occur in the State of Ohio.

21. Essentially the entire mailer is false and deceiving. The mailer states, "**In order to determine the feasibility of an adjustment to your outstanding balances, it is important for you to contact our firm at 866-270-9390 within 10 days of receiving this notice to avoid unnecessary delays in processing your request**".

22. In response to the letter, Crane called the toll-free number indicated on the letter and spoke with Nate. Nate indicated he was a representative of Debt Advisors.

23. Nate indicated Debt Advisors was a broker which would connect him with a law firm to handle his debt settlement.

24. Nate indicated Crane met one of the three criteria necessary to receive a mailer; Nate indicated the three criteria were high debt to income ratio, accounts open for twelve months or an annual percentage rate on an account had risen.

25. Nate requested Crane's date of birth as well as the last four digits of his social security number in order to verify his debts.

26. Nate indicated Debt Advisors and/or LPG use the Fair Debt Collection Practices Act laws to convince creditors to forgive debt. Nate indicated Debt Advisors/LPG usually are successful in getting nine out of ten debts invalidated.

27. Nate indicated the program would be approximately 36 months and all fees would be attorney fees. Nate provided the website for LPG.

28. Crane responded he wanted to think about participating in the program. In response, Nate indicated that clients of Debt Advisors and/or LPG had 100% success rate utilizing their program. Nate provided Crane with a call back number of 619-535-2191.

29. Obtaining and using a consumer report for marketing is an impermissible purpose in violation of the FCRA, 15 U.S.C. § 1681b(f).

30. Crane did not authorize Defendants to access his consumer report information prior to the mailer being sent to him.

31. As set forth above, all Defendants are a "suppliers" as defined by the OCSPA, R.C. § 1345.01(C), since Defendants are engaged in the business of debt adjusting, budget counseling, debt management, or debt pooling services, or holding oneself out, by words of similar import, as providing services to debtors in the management of their debt to a consumer in the State of Ohio for purposes that were primarily for personal, family or household use.

32. Defendants are responsible for any of the actions of its agent under the doctrine of *respondent superior.*

## COUNT ONE
### Violation of the Fair Credit Reporting Act
### Willful Noncompliance, 15 U.S.C. § 1681n

33. Crane repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

34. Crane, an individual, is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

35. Defendants either directly, or through other marketing agents, obtained information and data on Crane's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living from a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. §1681a(f).

36. The information is therefore a "consumer report" as defined by the FCRA, 15 U.S.C. §1681a(d).

37. Defendants willfully obtained and used Crane's consumer reports without a permissible purpose in violation of 15 U.S.C. §§ 1681b and 1681n.

38. Defendants willfully obtained and used Crane's consumer report to utilize the information for marketing debt settlement services. Under section 607 of the Fair Credit Reporting Act, it is clearly stated that the purpose for which a consumer report is sought must be certified, and that it must be further certified that the information will be used for no other purpose 15 U.S.C. § 1681e.

39. Obtaining and using a consumer report for marketing is an impermissible purpose in violation of the FCRA, 15 U.S.C. § 1681b(f).

40. Due to Defendants' conduct, Crane has suffered actual damages, including, but not limited to, mental and emotional hardship, physical, mental and emotional stress, anxiety,

monetary damages and embarrassment upon learning that his most private financial data had been accessed and reviewed by companies and individuals that had no right to such information.

## COUNT TWO
### Violation of the Fair Credit Reporting Act
### Negligent Noncompliance, 15 U.S.C. § 1681o

41. Crane repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

42. Defendants negligently obtained and used Crane's consumer report without a permissible purpose in violation of 15 U.S.C. §§ 1681b and 1681o.

43. The information is therefore a "consumer report" as defined by the FCRA, 15 U.S.C. §1681a(d).

44. Defendants negligently obtained and used Crane's consumer report without a permissible purpose in violation of 15 U.S.C. §§ 1681b and 1681o.

45. Due to Defendants' conduct, Crane has suffered actual damages, including, but not limited to: mental and emotional hardship, physical, mental and emotional stress, anxiety, monetary damages, and embarrassment upon learning that his most private financial data had been accessed and reviewed by companies and individuals that had no right to such information.

## COUNT THREE
### Violations of the Ohio Consumer Sales Practices Act

46. Crane repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

47. The interactions between Crane and Defendants were a "consumer transaction" as defined by R.C. § 1345.01(A) as Defendants solicited a service to Crane, an individual, for purposes that are primarily personal, family or household. Defendants did this by mailing Crane a solicitation to procure his business. The purpose of the mailed solicitation was personal in nature

as Defendants solicited Crane to provide him services for his personal debt in exchange for various fees.

48. Defendants are "suppliers" as defined by R.C. § 1345.01(C) as it engaged Crane in the soliciting of a consumer transaction by attempting to procure Crane's business by sending him a mailed solicitation in an attempt to provide Crane with debt adjustment/debt settlement services in exchange for various fees.

49. Crane is a "consumer" as defined by R.C. § 1345.01(D) as he engaged in a consumer transaction with Defendants, a supplier. Defendants solicited Crane via the mailer attached as Exhibit A to the Complaint and invited him to call.

50. All parties are a "person" as defined by R.C. §1345.01. A person includes an individual, corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership, association, cooperative, or other legal entity. Crane is a person and remaining Defendants, legal entities, are also a person.

51. Defendants committed material unfair, deceptive, and/or unconscionable acts and practices in connection with a consumer transaction, primarily for personal, family or household purposes, in violation of the Ohio Consumer Sales Practices Act, including, but not limited to:

    a. making false or misleading statements to induce a purchaser to pay for services in violation of R.C. § 1345.02(A).

    b. knowing of the inability of the consumer to receive a substantial benefit from the subject of the consumer transaction.

    c. using a sales presentation which makes the material facts of the offer misleading or conveys or permits an erroneous impression as to the services offered for sale.

    d.    indicating in the mailer, attached as Exhibit A, "**Please contact our offices at 866-270-9390 within ten days from receiving this notice regarding the adjustments of your credit accounts**" which created an unnecessary sense of urgency where no such urgency existed.

    e.    indicating in the mailed solicitation, attached as Exhibit A, that "**if you have an account with other lenders, you may be entitled to a settlement of your outstanding balance**". Defendants are falsely indicating and/or representing Crane would be entitled to a settlement of certain accounts.

    f.    Defendants violated O.A.C. 109:4-3-03(B)(2) and engaged in deceptive acts or practices in connection with a consumer transaction because the first contact it had with Crane was secured by through deception when Defendants sent a misleading letter to Crane.

    g.    Defendants violated O.A.C. 109:4-3-10(A) and engaged in deceptive acts or practices in connection with a consumer transaction because Defendants made representations, claims, or assertions of fact about the status of Crane's debt balances, monthly payments, interest rates and high balance revolving debt in an effort to convince a reasonable consumer to call immediately and retain Defendants' services.

52.    Crane was in fact deceived by all of the alleged violations and as a result of the preceding violations by Defendants, Crane has suffered injury in the form of mental and emotional hardship, physical, mental and emotional stress, anxiety, embarrassment and monetary damages caused by the deceptions in the mailers previously described in this Complaint.

## Prayer for Relief

WHEREFORE, Crane prays this Court grant:

1. ISSUE an order declaring that the Defendants have engaged in acts and practices in violation of the Consumer Sales Practices Act, R.C. § 1345.01 et seq., and the Fair Credit Reporting Act, 15 U.S.C, §§1681, et seq.

2. ISSUE a Permanent Injunction enjoining the Defendants, its agents, servants, employees, successors or assigns, and all persons acting in concert and participation with it, directly or indirectly, through any corporate device, partnership, or other association, under this or any other name, from engaging in the acts and practices which Plaintiff complains in the State of Ohio until complying with the laws of the State of Ohio and satisfaction of any monetary obligations to Crane.

3. GRANT judgment against the Defendants in the amount of three times the actual damages or $200.00 for each unlawful act specified, whichever is greater, pursuant to R.C. § 1345.09(B).

4. Statutory Damages for violations of the Fair Credit Reporting Act, 15 U.S.C, §§1681, et seq.

5. Actual damages, reasonable attorney's fees, court costs, and punitive damages pursuant to R.C. § 47192.10.

6. Costs and reasonable attorney fees, pursuant to R.C. § 1345.09(F)(2).

7. Punitive damages.

8. GRANT such other relief as this Court deems to be just, equitable and appropriate.

Respectfully submitted:

/s/ Brian M. Garvine
Brian M. Garvine (0068422)
Law Office of Brian M. Garvine LLC
5 E. Long Street, Suite 1100
Columbus, Ohio 43215
Phone: (614-223-0290)
Fax: (614) 221-3201
Brian@garvinelaw.com

/s/ Rebecca A. Bradley
Rebecca A. Bradley (0095210)
Jeremiah E. Heck (0076742)
Luftman, Heck & Associates, L.L.P.
6253 Riverside Drive, Suite 200
Dublin, Ohio 43017
Phone: (614) 224-1500
Fax: (614) 224-2894
rbradley@lawLH.com
jheck@lawLH.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Christopher Crane, demands trial by jury in this action.

/s/ Brian M. Garvine
Brian M. Garvine, 0068422

RE: Discover, Wells Fargo, Bank of America, Capital One, American Express*

Negotiations Department

Notice Number: DDV2-6870
Notice Date: 9/26/2019
Contact Phone: 866-270-9390

Christopher Crane
554 Sherwood Downs Rd S
Newark, OH 43055-3236

**Attention Christopher Crane:**

Please contact our offices at 866-270-9390 within 10 days of receiving this notice regarding the adjustments of your credit accounts.

Our firm has recently settled accounts with: Bank of America, Citibank, JP Morgan Chase, Wells Fargo, American Express, Capital One, Discover, HSBC, Target, GE Money. If you have an account with these or other Lenders, you may be entitled to a settlement of your outstanding balance.

**Failure to Respond**

Failure to respond and making your minimum payment will likely result in interest accruing on your unsecured credit balances at an unreasonable rate. (In addition, penalties may accrue in the event of unpaid obligations.)

In order to determine the feasibility of an adjustment to your outstanding balances it is important for you to contact our firm at 866-270-9390 within 10 days of receiving this notice to avoid unnecessary delays in processing your request.

**Operating Hours:**
Monday - Friday 9am-9pm
Saturday 9am-4pm

**PROGRAM EXAMPLE**
Est. Creditor Balances: $50,000.00
Est. Settlement Amount: $20,000.00
Proposed Program Payment: $555.56
Program Terms: 12-36 Months

Reduction balances are for illustrative purposes only and are an estimate and are solely to demonstrate a typical debt situation. Actual debt and savings are dependent on clients' unique financial circumstances. Prior results do not guarantee a similar outcome. We are not a lender, creditor, or a collector. Any persons can opt out by calling the number above. This is not an engagement offer, only an invitation to speak with a representative to determine interest and qualification. Not available in all states. Requires program completion. Program fees are separate and not included in example.

EXHIBIT A

**Wells Fargo, Bank of America, Capital One, American Express\***

ent

Notice Number: DDV2-6870
Notice Date: 9/26/2019
Contact Phone: 866-270-9390

83 28820

Rd S
36

PRESORTED
STANDARD
US POSTAGE
**PAID**
PERMIT # 1935

MAILED FROM ZIP CODE 85813

UNITED STATES MAIL

ssing your request.